NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-1085
_____

EDERJUNIO COELHO GOMES,

Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA

_____

On Petition for Review of a Decision
and Order of the Board of Immigration Appeals
(BIA No. A 205-901-478)
Immigration Judge:  Daniel A. Morris
_____

Submitted under Third Circuit LAR 34.1(a)
June 30, 2020

BEFORE:  KRAUSE, PHIPPS, and GREENBERG, <u>Circuit</u> <u>Judges</u>

(Opinion Filed: July 1, 2020)
_____

OPINION*
_____

GREENBERG, <u>Circuit</u> <u>Judge</u>.

_____
*This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

I.    INTRODUCTION

Petitioner Ederjunio Coelho Gomes ("Petitioner") has filed this petition for review pursuant to 8 U.S.C. § 1252(a) ("petition"), challenging the Board of Immigration Appeals' ("Board") denial of his motion to reopen removal proceedings and dismissing his appeal from a decision of an immigration judge ("IJ"). For the reasons stated below, we will deny the petition.

## II.    FACTUAL BACKGROUND

We write only for the attention of the parties and therefore limit our recitation of the facts to those necessary to decide this appeal. Petitioner is a Brazilian citizen who illegally entered the United States in or around January 2001. On October 30, 2013, Petitioner was convicted on a plea of guilty in the New Jersey Superior Court, Union County, of two counts: (1) possession of a controlled dangerous substance with intent to distribute under N.J. Stat. Ann. § 2C:35-5.2(a) and (2) possession of a controlled dangerous substance with intent to distribute within 1000 feet of school property under N.J. Stat. Ann. § 2C:35-7. On both counts, the controlled dangerous substance was gamma hydroxybutyrate, commonly referred to as "GHB". Petitioner alleges he did not sell the GHB but rather exchanged it for cocaine, to which he was addicted at the time. The state court sentenced him to a five-year term of probation pursuant to New Jersey's drug-court program.

On January 29, 2016, the Department of Homeland Security instituted removal proceedings against Petitioner. Shortly thereafter, Petitioner filed an application for asylum, withholding of removal, and protection under the United Nations Convention

2

Against Torture ("CAT"), averring that if he was removed to Brazil a Brazilian gang known as the PCC[1] would harm him and his family.

The IJ denied Petitioner's application and ordered him removed. Petitioner appealed to the Board but on December 19, 2019, it issued its decision adopting and affirming the IJ's decision and denying Petitioner's motion to reopen the case. He then appealed to this Court.[2]

## III. STANDARD OF REVIEW

When the Board adopts and affirms an IJ's decision and there is a further appeal to this Court, we review the decisions of both the IJ and the Board. See Shehu v. Att'y Gen., 482 F.3d 652, 657 (3d Cir. 2007). We review the administrative factual findings using the substantial evidence standard under which the Board's "findings must be upheld unless the evidence not only supports a contrary conclusion, but compels it." Shardar v. Ashcroft, 382 F.3d 318, 323 (3d Cir. 2004). Finally, we review the Board's denial of motions to reopen removal proceedings for abuse of discretion. INS v. Doherty, 502 U.S. 314, 323, 112 S.Ct. 719, 725 (1992); Fadiga v. Att'y Gen., 488 F.3d 142, 153 (3d Cir. 2007). "Under the abuse of discretion standard, the Board's decision must be reversed if it is arbitrary, irrational, or contrary to law." Fadiga, 488 F.3d at 153 (citation omitted).

---

[1] PCC is an initialism for Primeiro Comando da Capital.

[2] On February 25, 2020, we denied Petitioner's motion for a stay of removal. (Coelho Gomes v. Att'y Gen., Docket No. 20-1085, ECF No. 13.)

3

## IV. DISCUSSION

The IJ found that Petitioner's controlled substance offense constituted an aggravated felony that rendered Petitioner removable under the Immigration and Nationality Act ("INA") § 212(a)(2)(A)(i)(II), 8 U.S.C. § 1182(a)(2)(A)(i)(II), a finding that Petitioner does not challenge on this appeal.[3] When a petitioner is removable by virtue of a conviction for an aggravated felony, we review final orders of removal only for constitutional claims or questions of law. See 8 U.S.C. § 1252(a)(2)(C), (D); see also Pierre v. Att'y Gen., 528 F.3d 180, 184 (3d Cir. 2008) (en banc) (internal quotation marks and citation omitted) ("Because the basis for removal is [the petitioner's] conviction for an aggravated felony, our jurisdiction is limited . . . to constitutional claims or questions of law."); Jarbough v. Att'y Gen., 483 F.3d 184, 189 (3d Cir. 2007) (citation omitted). Furthermore, pursuant to the Supreme Court's recent decision in Nasrallah v. Barr, when a noncitizen has committed crimes specified under 8 U.S.C. § 1252(a)(2)(C), we review factual challenges to an order denying CAT relief under the substantial evidence standard. See 590 U.S. ___ (2020) (stating that under the substantial evidence standard, "[t]he agency's findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary").

---

[3] In any event, such an assertion would lack merit. Petitioner's conviction under N.J. Stat. Ann. § 2C:35-5.2(a) constitutes an aggravated felony under 8 U.S.C. § 1101(a)(43)(B) per the hypothetical felony route. See e.g., Evanson v. Att'y Gen., 550 F.3d 284, 289 (3d Cir. 2008) ("Under the hypothetical federal felony route, we compare the offense of conviction to the federal Controlled Substances Act to determine if it is analogous to an offense under that Act.").

4

Petitioner does not demonstrate that he is entitled to relief on any of his theories.[4] In reviewing this matter we initially hold that the IJ correctly determined Petitioner was statutorily ineligible for asylum,[5] and withholding of removal under INA § 241(b)(3), 8 USC § 1231(b)(3) and CAT.  See INA § 208(b)(2)(A)(ii); 8 U.S.C. § 1158(b)(2)(A)(ii); INA § 241(b)(3)(B)(ii); 8 U.S.C. § 1231(b)(3)(B)(ii).  To rebut the particularly serious crime presumption, a petitioner in a controlled substance case must demonstrate all of the following six factors:

> (1) a very small quantity of controlled substance; (2) a very modest amount of money paid for the drugs in the offending transaction; (3) merely peripheral involvement by the alien in the criminal activity, transaction, or conspiracy; (4) the absence of any violence or threat of violence, implicit or otherwise, associated with the offense; (5) the absence of any organized crime or terrorist organization involvement, direct or indirect, in relation to the offending activity; and (6) the absence of any adverse or harmful effect of the activity or transaction on juveniles.

In re Y-L, 23 I. & N. Dec. 270, 276-77 (BIA 2002).

---

[4] Although Petitioner mainly takes issue with the IJ's factual findings, he attempt to present a constitutional challenge, alleging that the Board failed to review meaningfully the IJ's opinion thereby denying him "due process under the relevant statutes, caselaw[,] and the Code of Federal Regulations."  (Pet. Br. at 44.)  Petitioner's facile argument lacks persuasion in light of our prior determination that a Board's decision is entitled to deference when it expresses approval of the decision under review by citing to Matter of Burbano, 20 I. & N. Dec. 872 (BIA 1994).  See Paripovic v. Gonzales, 418 F.3d 240, 243, n.4 (3d Cir. 2005) (quoting Gishta v. Gonzales, 404 F.3d 972, 980 (6th Cir. 2005)) ("[C]itation of Burbano . . . does not mean that the [Board] did not exercise its independent review authority over the case, but rather . . . [the Board] adopts or affirms the [IJ's] decision when it is 'in agreement with the reasoning and result of that decision.'") (citation omitted).

[5] Petitioner concedes his application for asylum is time-barred.  (See Pet. Br. at 35.)

Petitioner cannot reasonably contend he had mere peripheral involvement in the drug exchange that led to his conviction.  In fact, Petitioner's only argument attempting to refute a conclusion that he had more than peripheral involvement is that "[a]lthough there was arguably more than 'peripheral' involvement in the offense by Petitioner, there was no 'transaction or conspiracy' involved.'"  (Pet. Br. at 38.)  But Petitioner does not explain why the drug exchange did not constitute a "transaction," and he ignores the fact that exchanging GHB for cocaine clearly constitutes criminal activity.  Thus, the IJ correctly determined Petitioner failed to overcome the presumption that his conviction under N.J. Stat. Ann.  § 2C:35-5.2(a) constituted a particularly serious crime.

The IJ also correctly held that Petitioner was ineligible for deferral of removal under CAT.  See Khouzam v. Att'y Gen., 549 F.3d 235, 243 (3d Cir. 2008) (citing 8 C.F.R. § 1208.17) ("Section 1208.17(a) establishes that aliens meeting the burden of proof for CAT relief, but ineligible for withholding of removal . . . shall instead be granted deferral of removal.").  To qualify for deferral of removal under CAT, a petitioner must prove "it is more likely than not that he [or she] will be subject to torture by, at the instigation of, or with the acquiescence of a public official." Amanfi v. Ashcroft, 328 F.3d 719, 725 (3d Cir. 2003) (citing 8 C.F.R. §§ 208.16(c), 208.18(a)); see also Nasrallah, 590 U.S. at ___ n.1.  When evaluating whether a petitioner is more likely than not to be tortured in the country to which removal is proposed, courts must consider the following non-exclusive list of factors:

> (1) evidence of past torture inflicted on the alien; (2) the possibility the alien could relocate to another part of the country where his [or her] torture is unlikely; (3) evidence of

6

> gross, flagrant or mass violations of human rights in the country; and (4) any other relevant country conditions information.

Id. (internal quotation marks omitted) (citing 8 C.F.R. § 208.16(c)(3)).

Petitioner failed to demonstrate he was likely to be tortured if he returned to Brazil. In this regard, the IJ reasonably determined Petitioner's claims relied on a single instance that occurred around 2001, and neither Petitioner nor his family has been threatened or injured since that time. The record also supports the IJ's conclusion that Brazilian law enforcement agents actively combat the PCC's presence in the country, thereby undermining Petitioner's assertion that Brazil would acquiesce in his torture. Therefore, because we are not persuaded that a reasonable adjudicator would be compelled to conclude contrary to the IJ or Board, Petitioner's challenges to the CAT order fail.

Finally, Petitioner fails to support his contention that the Board erred in denying his motion to reopen that he predicated on his contention that prior counsel in the removal proceedings provided him ineffective assistance. (See e.g., Pet. Br. at 30 ("[T]his Court should remand this matter . . . to allow Petitioner to fully and completely present all applications and claims . . . , something he was denied an opportunity to do by prior counsel . . . .").) Petitioner, however, fails to provide any facts—or even argument—to show he would have been entitled to relief had his prior counsel not erred in the presentation of his case. See, e.g., Contreras v. Att'y Gen., 665 F.3d 578, 584 (3d Cir. 2012) (internal quotation marks and citation omitted) (explaining that to establish an ineffective assistance of counsel claim, a petitioner must show "there is a reasonable

7

likelihood that the result of the removal proceedings would have been different had the error(s) not occurred").  Accordingly, we conclude that the Board did not abuse its discretion in denying Petitioner's motion to reopen.

In view of our conclusions on all of Petitioner's claims, we will deny his petition for review.